IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No.: 20-10250 |
| **Christopher P. Valuntas** | : | Chapter 13 |
| | : | Judge Eric L. Frank |
| Debtor(s) | : | * * * * * * * * * * * * * * * * * * |
| | : | |
| **HSBC Bank USA, National Association** | : | Date and Time of Hearing |
| **as Trustee for Wells Fargo Asset** | : | Place of Hearing |
| **SecuritiesCorporation, Mortgage Asset-** | : | March 3, 2020 at 11:00 a.m. |
| **Backed Pass-Through Certificates,** | : | |
| **Series 2007-PA3** | : | 400 Washington Street |
| Movant, | : | Courtroom #1 |
| | : | Reading, PA, 19601 |
| vs | : | |
| | : | |
| Christopher P Valuntas | | |
| Kimberly R Valuntas | | |
| | | |
| **Scott F. Waterman** | | |
| Respondents. | | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY AND MOTION FOR SANCTIONS IN THE FORM OF IN REM RELIEF WITH 30-DAY WAIVER TO PERMIT HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIESCORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3 TO FORECLOSE ON 5727 RICKY RIDGE TRAIL, OREFIELD, PA 18069

HSBC Bank USA, National Association as Trustee for Wells Fargo Asset SecuritiesCorporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3 (the "Creditor") moves this Court, under Bankruptcy Code §§ 361, 362, 363, 1301, and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007 for an order conditioning, modifying, or dissolving the automatic stay imposed by Bankruptcy Code § 362, and the Co-Debtor Stay imposed by Bankruptcy Code § 1301, and imposing sanctions in the form of *in rem* relief pursuant to § 362(d)(4). In support of this Motion, Creditor avers as follows:

20-002658_KKC

1. This is an action arising pursuant to a case under Title 11 of the United States Code.

2. Creditor is a lending institution duly authorized to conduct business in the Commonwealth of Pennsylvania.

3. Creditor is a party-in-interest in the above referenced Bankruptcy matter as it is a secured creditor of the Debtor.

4. Christopher P. Valuntas ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 14, 2020, ("Petition").

5. Debtor and Kimberly R Valuntas ("Co-Debtor") is currently obligated to HSBC Bank USA, National Association as Trustee for Wells Fargo Asset SecuritiesCorporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3, under the terms of a certain Note, dated April 27, 2007, in the original principal amount of $435,000.00 executed by Debtor (hereinafter "Note").

6. As security for repayment of the Note, Debtor and Co-Debtor executed a certain Mortgage, dated of even date and of even amount, currently in favor of HSBC Bank USA, National Association as Trustee for Wells Fargo Asset SecuritiesCorporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3, with respect to certain real property owned by the Debtor located at 5727 Ricky Ridge Trail, Orefield, PA 18069 (hereinafter "Mortgaged Premises") and being recorded in Lehigh County Recordings Office at Instrument Number 7414767 on May 2, 2007 in the Office of the Recorder of Deeds in and for Lehigh County, Pennsylvania ("Mortgage").

7. Debtor(s) and Co-Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed.

20-002658_KKC

Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

8.  Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

9.  Debtor has failed to make pre-petition mortgage payments for the past 31 months, as of January 30, 2020.

10. Due to said failure by Debtor to make payments when due, Creditor lacks adequate protection of its security interest in the Mortgaged Premises.

11. As of January 30, 2020, the total loan balance and the contractual amount past due to HSBC Bank USA, National Association as Trustee for Wells Fargo Asset SecuritiesCorporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3 in arrearages are $536,543.93* and $116,372.01, respectively.

12. Creditor is entitled to sanctions in the form of *in rem* relief under 11 U.S.C. §362(d)(4) so that the Property cannot be subject to the automatic stay in a subsequent bankruptcy filing for a period of two years pursuant to 11 U.S.C. § 362(d)(4).

13. The automatic stay of Section 362 of the Bankruptcy Code should be terminated with respect to the interest of HSBC Bank USA, National Association as Trustee for Wells Fargo Asset SecuritiesCorporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3 in the Mortgaged Premises, pursuant to Section 362(d)(1).

---

* $82,837.54 of this amount is the deferred principal balance and the borrower does not pay interest or make monthly payments on this amount.

20-002658_KKC

14. The Co-Debtor Stay of Section 1301 of the Bankruptcy Code should be terminated with respect to the interest of HSBC Bank USA, National Association as Trustee for Wells Fargo Asset SecuritiesCorporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3 in the Mortgaged Premises, pursuant to Section 1301(c).

15. Debtor has engaged in a scheme to delay, hinder and defraud creditors that involves multiple bankruptcy filings affecting the Property. These serial filings have caused the cancellation of **three** foreclosure sales. The sequence of events is as follows:

   a. The **first** bankruptcy, case no. 18-17607, was filed on November 15, 2018, just a day before the Sheriff's sale scheduled for November 16, 2018. The case was dismissed April 18, 2019 for failure to make plan payments. A copy of the bankruptcy docket is attached as Exhibit A.

   b. The **second** bankruptcy, case no. 19-15271 was filed on August 22, 2019, on the day before the Sheriff's sale scheduled for August 23, 2019. The case was dismissed on September 26, 2019 for failure to file required documents. A copy of the bankruptcy docket is attached as Exhibit B.

   c. The current case is the Debtor's **third** filing. This bankruptcy case was filed January 14, 2020. The foreclosure sale was scheduled for February 21, 2020 but stayed by the filing of the current case by the Debtor. The Debtor has not shown any changed circumstances that might lead the Court to believe this case will be any more successful than the prior failed cases. In fact, as with the prior filings, the Debtor filed a bare-bones petition without the requisite schedules or a proposed plan.

20-002658_KKC

16. Under 11 U.S.C. § 1325(a)(3), a bankruptcy petitioner must propose a Chapter 13 plan in good faith and not by any means forbidden by law. In determining whether good faith exists, the court must conduct a facts intensive review based upon the totality of the circumstances. *In re Legree*, 2002 Bankr. LEXIS 1560, *1, 285 B.R. 615 (Bankr. E.D. Pa. 2002). Factors to consider include, but are not limited to: (1) the nature of the debt; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) the effect on creditors; (6) the debtor's treatment of creditors pre-petition and post-petition; and (7) whether the debtor has been forthcoming with the bankruptcy court. Serial filings should also be weighed in considering the totality of the circumstances. A history of serial filings and dismissals can be evidence of bad faith. A debtor's pre-petition conduct and the frequency with which the debtor has sought previous bankruptcy relief are elements in the debtor's total circumstances. *In re Legree*, 2002 Bankr. LEXIS 1560, *1, 285 B.R. 615 (Bankr. E.D. Pa. 2002).

17. The Debtor's current Chapter 13 filing has not been made in good faith and thus violates 11 U.S.C. § 1325(3). Debtor has never completed any of the Chapter 13 plans. The first case was dismissed for failure to make plan payments. In the last case the Debtor failed to file required document and therefore the case was dismissed for failure to file documents. In the current case, the Debtor has failed to file or submit all of the documents required by Fed. R. Bankr. P. 1007 and a deadline has been set for January 28, 2020 to submit these documents. The prior case was dismissed within 4 months of the current filing. Based on the number of prior filings and or dismissals, and no significant change in circumstances, it is clear that the current case was filed for the sole purpose of delaying the sheriff's sale.

    I. **Law and Argument**

20-002658_KKC

The Court should sanction Debtor and protect Creditor by issuing an order granting *in rem* relief. The totality of the circumstances shows that Debtor has abused the bankruptcy system to delay, hinder and defraud Creditor's right to collateral.

> **A.    The court should grant *in rem* relief because the failure to prosecute two bankruptcy cases, together with the timing of the petitions, including the present petition, evidence Debtor's scheme to delay, hinder and defraud creditors under 11 U.S.C. §362(d)(4).**

Creditor is entitled to sanctions in the form of *in rem* relief under 11 U.S.C. §362(d)(4) so that the Property cannot be subject to the automatic stay in a subsequent bankruptcy for a period of two years pursuant to 11 U.S.C. §362(d)(4) for the reasons that follow.

One of the primary purposes of the bankruptcy code is to provide the "honest but unfortunate debtor" with the opportunity to make a "fresh start". 308 B.R. 843, 848-849 (E.D. Tenn 2004). However, all bankruptcy petitions must be filed in good faith and must be fundamentally fair in a manner that complies with the spirit of the Bankruptcy Codes provisions. *Id*. In making a determination as to whether a bankruptcy filing is made in good faith, the Court uses a totality of the circumstances test. *In re Legree*, 285 B.R. 615 (Banrk. E.D. Pa. 2002). Factors to consider include, but are not limited to: (1) the nature of the debt; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) the effect on creditors; (6) the debtor's treatment of creditors pre-petition and post-petition; and (7) whether the debtor has been forthcoming with the bankruptcy court. Serial filings should also be weighed in consider the totality of circumstances. A history of serial filings and dismissals can be evidence of bad faith. A

20-002658_KKC

debtor's pre-petition conduct and the frequency with which the debtor has sought previous bankruptcy relief are elements in the debtor's total circumstances. *Id*.

   1. *Multiple filings immediately preceding foreclosure sales are evidence of bad faith.*

Debtor has engaged in a scheme to delay, hinder and defraud creditors as evidence by the multiple bankruptcy filings that go back to 2018. The facts in this case are strikingly similar to the facts of *In re Dupuy*, 308 B.R. 843 (E.D. Tenn 2004). As in the present case, the debtor in *Dupuy* filed his bankruptcies on the eve of foreclosure sales. *Id*. The *Dupuy* court held that the debtor's motivation in filing his bankruptcies on the eve of foreclosure sales was to delay the foreclosure proceedings and that such conduct constituted bad faith. *Id*. The court further held that the debtor had repeatedly filed his bankruptcy cases in bad faith, in clear attempts to prejudice the rights of the foreclosure creditor and had used the automatic stay as a "shield to avoid any unfavorable result." *Id*. At 850.

   2. *Debtor's multiple filings evidence bad faith.*

A review of the Debtor's **two prior** bankruptcy cases reveals that Debtor did not take all the steps towards prosecuting the bankruptcy cases as one was dismissed for failure to make the required payment to the Chapter 13 Trustee and the other was dismissed for failure to filed required documents. Rather, the evidence shows that Debtor has consistently filed petitions at the last minute and then failed to play by the same rules invoked to stay Creditor's rights in the Property. Debtor has not completed either of the past Chapter 13 bankruptcy cases. Debtor's sole accomplishment has been to prevent

20-002658_KKC

Creditor from proceeding in its foreclosure action several times. Debtor has acted in bad faith.

3.  *Debtor's repeated inability to cure the default evidences bad faith.*

As further evidence of Debtor's scheme, is the fact that the loan in question is delinquent and contractually due for the July 1, 2017 payment, as of January 30, 2020. As a result, the totality of the circumstances shows that the Debtor has been filing petitions in bad faith in order to delay and disrupt the foreclose process and preclude Creditor for exercising its remedies pursuant to the loan documents.

**B.     The Court should grant *in rem* relief to prevent future abuse.**

*In rem* relief will protect Creditor from future abuses and minimizes damages to Creditor going forward. Due to the history of abusive filings, Creditor respectfully requests sanctions in the form of *in rem* relief to prevent Debtor or any other party who has or acquires an interest from filing another bankruptcy for the sole purpose of delaying a foreclosure sale of the subject Property. The code allows for such relief, and the purpose and effect of that section is to prevent successive attempts at abuse from affecting Creditor's rights in the collateral. *CF. In re Lee*, 467 B.R. 906, 920-22 (6th Cir. B.A.P. 2012). Such an order is justified here where the facts show **two** filings on the eve of sale, followed by a lack of diligence in prosecuting the current bankruptcy case. As a result, an *in rem* relief order is the only way to avoid future abuse.

WHEREFORE, HSBC Bank USA, National Association as Trustee for Wells Fargo Asset SecuritiesCorporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3 respectfully requests this Honorable Court to enter an Order:

a) Terminating the automatic stay of Section 362 and Co-Debtor Stay of Section 1301; and

20-002658_KKC

b) Imposing sanctions in the form of *in rem* relief under 11 U.S.C. §362(d)(4), terminating the Automatic as it affects the interest of HSBC Bank USA, National Association as Trustee for Wells Fargo Asset SecuritiesCorporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3 in the Mortgaged Premises of the Debtor specifically identified in the Mortgage; and

c) In the event of dismissal, prohibiting Debtor and Co-Debtor from filing another bankruptcy petition, under any chapter, for a period of 180 days.

d) Such other relief as this Honorable Court may deem just.

Respectfully submitted,

/s/ Karina Velter

Karina Velter, Esquire (94781)
Adam B. Hall (323867)
Sarah E. Barngrover (323972)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Karina Velter.
Contact email is kvelter@manleydeas.com

20-002658_KKC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No.: 20-10250 |
| **Christopher P. Valuntas** | : | Chapter 13 |
| | : | Judge Eric L. Frank |
| Debtor(s) | : | * * * * * * * * * * * * * * * * * * * |
| | : | |
| **HSBC Bank USA, National Association** | : | Date and Time of Hearing |
| **as Trustee for Wells Fargo Asset** | : | Place of Hearing |
| **SecuritiesCorporation, Mortgage Asset-** | : | March 3, 2020 at 11:00 a.m. |
| **Backed Pass-Through Certificates,** | : | |
| **Series 2007-PA3** | : | 400 Washington Street |
| Movant, | : | Courtroom #1 |
| vs | : | Reading, PA, 19601 |
| | : | |
| **Christopher P Valuntas** | | |
| **Kimberly R Valuntas** | | |
| | | |
| **Scott F. Waterman** | | |
| Respondents. | | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion for Relief from the Automatic Stay and Co-Debtor Stay and Motion for Sanctions in the form of *In Rem* Relief with 30-day Waiver to permit HSBC Bank USA, National Association as Trustee for Wells Fargo Asset SecuritiesCorporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3 to foreclose on 5727 Ricky Ridge Trail, Orefield, PA 18069 was served on the parties listed below via e-mail notification:

Office of U.S. Trustee, Party of Interest, (Registered address)@usdoj.gov

Scott F. Waterman (Chapter 13), Chapter 13 Trustee, 2901 St. Lawrence Ave., Suite 100, Reading, PA 19606

Paul H. Young, Attorney for Christopher P. Valuntas, Young Marr & Associates, 3554 Hulmeville Road, Suite 102, Bensalem, PA 19020, support@ymalaw.com

20-002658_KKC

The below listed parties were served via regular U.S. Mail, postage prepaid, on February 3, 2020:

   Christopher P Valuntas and Kimberly R Valuntas, 5727 Ricky Ridge Trail, Orefield, PA 18069

DATE: February 3, 2020

/s/ Karina Velter
Karina Velter, Esquire (94781)
Adam B. Hall (323867)
Sarah E. Barngrover (323972)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Karina Velter.
Contact email is kvelter@manleydeas.com

20-002658_KKC